UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14047-CR-MOORE/LYNCH(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KOBIE GARY,

    Defendant.
_____/

FILED by ___ D.C.

MAR 3 0 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON GOVERNMENT'S MOTION TO EXCLUDE ANY REFERENCE TO POLYGRAPH EVIDENCE AT SENTENCING HEARING [D.E. #220]

**THIS CAUSE** having come on to be heard upon an Order of Reference from the District Court in respect to the aforementioned motion and this Court having reviewed the motion and noting that no response has been filed in respect thereto and that the time for filing a response has expired well before this date, this Court makes the following recommendation to the District Court:

    1.    The government's motion seeks to exclude any reference to polygraph evidence at the Defendant's sentencing hearing which is set before the District Court for Wednesday, April 7, 2010. The motion asserts that in early January 2010 an ex parte polygraph was purportedly administered to the Defendant in Stuart, Florida. The government's motion asserts that the polygrapher's report does not indicate what, if any, documents were reviewed in preparation for and/or used during the actual polygraph test. The motion alleges that the polygraph is inadmissible under the applicable case law and Federal Rules of Evidence 702, 608 and 403.

2\. The motion was filed electronically and served upon the Defendant electronically on March 3, 2010. This Court has calculated the applicable response time under the Local Rules of this Court as amended by Administrative Order 2009-51. The Administrative Order sets forth the time calculation changes during the interim period from December 1, 2009, when the amendments to the Federal Rules go into effect to April 15, 2010, when the corresponding amendments to the Local Rules go into effect. This Court looks to Local Rule 7.1C of the Local Rules of this Court to compute the response time for this particular motion. The response should have been filed within fourteen days of the date of the motion being filed. This Court calculates it to be March 18, 2010. The Local Rule then directs adding three days excluding weekends and holidays. This would bring the response time for this motion to have been no later than close of business on March 23, 2010. There has been no responsive pleading filed in opposition to the motion.

3\. Since there has not been a responsive pleading filed in opposition to the relief requested by the motion, this Court finds that the Defendant has not met his burden as the proponent of the alleged polygraph expert testimony to establish that such expert testimony falls within the factors governing the admissibility and reliability of such evidence under the appropriate standards set forth by the Federal Rules of Evidence and the applicable case law. There is nothing before this Court, by way of a responsive pleading, which would enable this Court to determine whether or not an evidentiary hearing is necessary or even if the Defendant would be entitled to an evidentiary hearing. The Court is not required to conduct a hearing to allow a party to make arguments which should have been contained within a responsive pleading. Finally, as specifically set forth in Local Rule 7.1C, failure to

file a responsive pleading as required by the Local Rules may be deemed sufficient cause to granting the motion by default.

4. The Eleventh Circuit Court of Appeals in United States v. Henderson, 409 F.3d 1293 (11th Cir. 2005) specifically addressed the admissibility of polygraph evidence. In referring to its previous decision in United States v. Piccinonna, 885 F.2d 1529 (11th Cir. 1989), the court reaffirmed the restriction of the use of polygraph evidence in this Circuit to only two contexts. A district court may admit polygraph evidence when the parties stipulate in advance as to the circumstances surrounding the test and the scope of its admissibility, or admit it for the purposes of impeachment or corroboration of testimony of a witness at trial. The court in Henderson went on to state that the rule set forth in Piccinonna does not in any way preempt the trial court's discretion to exclude polygraph expert testimony on other grounds under the Federal Rules of Evidence.

5. The Eleventh Circuit went on to state the specific circumstances under which polygraph evidence may be admitted to impeach or corroborate a witness' testimony. First, the Defendant, as the proponent in this instance, must provide adequate notice to the opposing party that it will offer polygraph evidence. Second, the opposing party must be given a reasonable opportunity to have its own polygraph expert administer a test covering substantially the same questions. Finally, the Federal Rules of Evidence concerning the admissibility of corroboration or impeachment testimony would govern any such proffer of expert testimony.

6. The government's motion alleges that while it was provided with a report from the polygraph expert utilized by the Defendant in this case, the report does not set forth specifically what evidence, police reports, or other investigative materials were reviewed

in preparation for and/or conducting the polygraph examination. This assertion made by the government in its motion is uncontroverted since the Defendant did not file a responsive pleading challenging such assertion. The parties have not stipulated and apparently there was no advance notice concerning the polygraph. Further, the questions utilized by the Defendant's polygrapher were apparently not provided to allow the government to conduct a substantially same polygraph test by its own expert. See Henderson, supra. This Court must conclude that the Defendant has not met the requirements of the test set forth in Piccinonna as reaffirmed by the court in its Henderson opinion.

7. The government also seeks to exclude the testimony under Rule 702 of the Federal Rules of Evidence alleging that it does not meet the standards set forth in that rule nor the standards set forth by the United States Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Once again, this Court has nothing before it which sets forth the Defendant's response to this assertion by the government. Pursuant to Rule 702 and the Daubert opinion, such expert testimony/evidence must (1) constitute scientific knowledge; and (2) assist the trier of fact to understand the evidence or to determine a fact at issue.

8. The scientific knowledge prong of this test requires the District Court to consider the theory or technique upon which the testimony is based in light of at least five factors. Those five factors are (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subject to peer review and publication; (3) the known or potential rate of error for that theory or technique; (4) the existence and maintenance of standards controlling the theory or technique's operation;

4

and (5) whether the theory or technique has attained general acceptance within the relevant scientific community. Since there is no responsive pleading filed by the Defendant in opposition to the relief requested in the motion, this Court does not even know if the Defendant is challenging the government's request to exclude this evidence. Nevertheless, the Defendant has the burden of establishing these factors as the proponent of the proposed testimony/evidence.

9. The Court stated in <u>Henderson</u> that there is no consensus that polygraph evidence is reliable. <u>See</u> <u>United States v. Scheffer</u>, 523 U.S. 303 (1998). This Court does not know the particulars concerning the polygraph test of the Defendant nor whether the test as administered sufficiently meets the above test to require an evidentiary hearing. This Court must also consider whether such testimony/evidence would assist Judge Moore in making decisions at sentencing regarding the credibility of the Defendant and the application of other relevant sentencing factors. Judge Moore cannot be viewed the same as a trial juror who might arguably benefit from scientific expert testimony to explain an otherwise complicated fact or issue at trial. Rather, Judge Moore can make credibility determinations without the necessity of a polygraph expert rendering an opinion as to the Defendant's truthfulness on any particular subject. Federal trial court judges make such determinations on a regular basis without expert testimony.

10. The government also seeks exclusion under Rule 608 of the Federal Rules of Evidence. That rule governs the admissibility of evidence concerning character and conduct of witnesses. Rule 608(a) limits the admissibility of such evidence. Such evidence may refer only to the character for truthfulness or untruthfulness of a particular witness. Evidence of truthful character is admissible only after the character of the witness

for truthfulness has been attacked by opinion or reputation evidence or otherwise. This Court does not know the specific purpose for which the Defendant intends to introduce results of a polygraph examination at the sentencing hearing. This Court will not speculate in that regard. However, if such evidence is being offered merely to establish the credibility and/or truthfulness of the Defendant, this is an issue that Judge Moore can determine without the necessity of a polygraph test. The Defendant as the proponent of the expert testimony has not met his burden of establishing the underlying reliability and admissibility of such evidence. Therefore, such evidence not having been determined to be otherwise admissible, is excludable under Rule 608 as opinion evidence.

11.     The government also refers to Rule 403 of the Federal Rules of Evidence for exclusionary purposes. However, this Court finds that application of such exclusion under Rule 403 is not only unnecessary in this Court's analysis at this point, but is used sparingly as an exclusionary tool by the courts. <u>United States v. Pacheco</u>, 2009 WL 383257 (S.D. Fla. 2009).

12.     This Court does not view this proposed expert testimony/evidence as something which would assist Judge Moore at the sentencing hearing in making determinations as to the Defendant's relevant conduct in light of the applicable sentencing guidelines and other evidence which may be argued at the sentencing hearing. It has been found that such evidence does not assist the trier of fact when such proffered testimony/evidence offers nothing more than what the attorneys for the parties can argue before the court. <u>Cook v. Sheriff of Monroe County, Florida</u>, 402 F.3d 1092 (11th Cir. 2005). The facts concerning the Defendant's relevant conduct may be argued by both the government and the Defendant at sentencing. The government and the Defendant have

the right to each file objections to the Pre-Sentence Report and make their arguments concerning the Defendant's relevant conduct in this case. This Court finds that expert testimony in the nature of a polygrapher who conducted a polygraph on the Defendant would not be of assistance to Judge Moore in making his ultimate decision as to the Defendant's relevant conduct and how that relevant conduct shall be interpreted under the appropriate sentencing guidelines and other sentencing factors. Judge Moore may receive testimony from the Defendant and other fact witnesses presented by the parties at sentencing and independently make decisions regarding credibility without the necessity of the Defendant's expert opining as to the truthfulness of the Defendant.

13. This Court does not see how the Defendant is restricted in presenting his arguments through his attorneys at sentencing concerning his relevant conduct. Excluding the polygraph testimony/evidence does not prevent the Defendant from propounding these arguments and/or presenting fact witnesses in regards to that issue. Judge Moore would have to rule on any specific evidentiary matters raised in respect to such additional arguments or evidence at sentencing. This Court is finding only that the Defendant has not met his burden in regards to presentation of the expert testimony/evidence concerning the polygraph. This Court finds that there is no due process violation in excluding any expert testimony/evidence of the polygrapher which would seemingly encompass the very same arguments which may be made by the attorneys for the Defendant at the sentencing hearing.

14. This Court finds that the testimony/evidence is excludable on several grounds. First, the Defendant has not filed a responsive pleading in opposition to the relief requested in the motion and the motion should be granted by default pursuant to the Local

Rules of this Court. Secondly, the testimony/evidence is excludable under the case law precedent cited by this Court regarding the admissibility of polygraph evidence in this Circuit. Finally, the testimony/evidence is excludable under Rules 702 and 608 of the Federal Rules of Evidence as cited herein.

**ACCORDINGLY**, based upon the all of the foregoing, this Court recommends to the District Court that the government's motion be **GRANTED**.

The normal time for filing objections to this Report and Recommendation would be within fourteen (14) days of the date hereof. However, since the sentencing hearing has been re-set for April 7, 2010, this Court finds that there is justification to shorten the time period for the parties to file any objections with the District Court. See Weiss v. Standard Ins. Co., 2009 WL 1833963 (S.D. Fla. 2009) and Grayson v. Cathcart, 2009 WL 4723271 (E.D.N.Y. 2009). Based upon the exigent circumstances, this Court will require the parties to file any objections to this Report and Recommendation with the District Court no later than **5:00 p.m. on Friday, April 2, 2010.**

**DONE AND SUBMITTED** this 30th day of March, 2010, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Carmen Lineberger
Richard D. Kibbey, Esq.
Jason M. Wandner, Esq.
Lorenzo Williams, Esq.
Tricia Purks Hoffler, Esq.
Jeffrey S. Weiner, Esq.